FOYCE S. WHITNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitney v. Commissioner
Docket No. 13977-78.
United States Tax Court
T.C. Memo 1980-446; 1980 Tax Ct. Memo LEXIS 132; 41 T.C.M. (CCH) 142; T.C.M. (RIA) 80446; October 7, 1980, Filed *132 Foyce S. Whitney, pro se. Francis J. Emmons, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1975 in the amount of $1,020.05. The issues to be decided are whether petitioner has substantiated the deductions he claimed for medical expenses, sales tax, personal property tax, contributions, casualty losses, cost of equipment and depreciation of equipment in excess of the amounts allowed by the Commissioner in his statutory notice of deficiency and whether petitioner is entitled to file a joint income tax return. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner filed a joint Federal income tax return for the taxable year 1975 bearing an execution date of April 11, 1976. He filed an amended return as a single individual for the same taxable year which was not signed and not treated by the Internal Revenue Service as a return. Neither of the returns was signed by petitioner's spouse. Petitioner and his wife were separated *133 in 1975. When petitioner filed his petition he was a resident of Chicago, Illinois. During 1975 petitioner was a bus driver for Chicago Transit Authority. He also operated a janitorial service. Petitioner reported no income from sales of Watkins Products on his Federal income tax return for the taxable year 1975. The Commissioner, in his statutory notice of deficiency, changed petitioner's filing status from married to single, disallowed in full all of petitioner's deductions claimed for medical expenses, personal property tax, casualty losses, depreciation of equipment and purchases of equipment. He also disallowed in part deductions claimed by petitioner for sales tax and contributions. He allowed automobile expense not claimed. The net amount disallowed was $2,092.97. OPINION At trial petitioner and respondent stipulated documents purporting to be repair bills for petitioner's automobile and police reports. Petitioner testified that his residence was burglarized on March 19, 1976 at which time documents were stolen which substantiated the deductions claimed on his income tax return for 1975 which were disallowed by the Commissioner in his statutory notice of *134 deficiency. Yet petitioner also testified that he had the documents when he prepared and signed his return on April 11, 1976. During cross examination, when pressed for the details of the medical expenses he claimed as deductible, he conceded the adjustment. When questioned about repair bills he submitted which were on billheads of Collision Auto Repair, petitioner admitted that he prepared the bills and marked them paid. Petitioner also conceded other items during cross examination when pressed for details: charitable contributions, loss of credit cards, loss of portable television set, loss of stereo tape player (the latter two items conceded because they belonged to his girl friend, not him), loss of a ring, and income from sale of Watkins products. To substantiate his loss of records and other items, petitioner introduced into evidence a copy of a Chicago Police report dated June 21, 1975. Respondent introduced into evidence a copy of that report certified by the Chicago Police Department which did not contain a complete list of items shown on the copy introduced by petitioner. Petitioner admitted on cross examination, after attempting to evade the question, that he and *135 his wife were separated in 1975. Respondent offered the testimony of a partner in Collision Auto Repair who stated that such firm commenced to do business on October 1, 1976. He examined the auto repair bills offered by petitioner which were dated in 1975 and testified that they could not have been rendered by Collision Auto Repair. In view of the inconsistent statements of petitioner, his concessions when asked to provide details and his crude attempt to mislead respondent and this Court by submitting false documents, we do not believe any of petitioner's testimony. We will, therefore, hold that he failed to substantiate any of the deductions disallowed by the Commissioner and we will not approve married filing status for his 1975 return. Decision will be entered for the respondent.